# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

JOSHUA LAMONT SALLIER                    CIVIL ACTION NO. 24-0687

                                         SECTION P

VS.

                                         JUDGE TERRY A. DOUGHTY

WARDEN NOLEN BASS                        MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Plaintiff Joshua Lamont Sallier, a prisoner at Tensas Parish Detention Center ("TPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately May 22, 2024, under 42 U.S.C. § 1983. He names Warden Nolen Bass as defendant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that when the water at TPDC was off, he was forced to defecate in a small clear bag. [doc. # 1, p. 3]. He had to place his small bag in a larger bag containing 80-100 other inmates' fecal matter, which was located in a shower. [doc. # 12]. He suggests that because the water was off, he had to use toilets which were "full to the rim with feces[.]" [doc. # 1, p. 3]. He claims that he had to breathe "unspeakable" and "extremely bad" feces and urine odors in a dormitory housing eighty prisoners. *Id.* The odors arose from the large bag in the shower and from toilets that could not flush. [doc. # 12]. Plaintiff and others "notified the Defendant . . . at every shift 3 times a day at least." *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff also claims that when the water was off, he lacked water for showering, cooking, and hydrating.  [doc. # 12].

Plaintiff suffered headaches, vomiting, weight loss, and emotional and mental scarring.  [doc. # 12].

For relief, Plaintiff seeks $500,000.00.  [doc. # 1, p. 4].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly,* 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly,* 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal,* 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp,* 632 F.3d 148, 152-53

(5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Limitation on Recovery Under 42 U.S.C. § 1997e(e)

Plaintiff seeks monetary compensation. [doc. # 1, p. 4].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than

de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated.  [doc. #s 1, p. 2; 1-2].  As to all his claims, he seeks monetary compensation for only mental, emotional, or de minimis physical injuries he suffered while in custody.

Plaintiff experienced headaches and vomiting, but absent more these do not plausibly amount to greater-than-de minimis injuries.[3, 4]  He lost over twenty-five pounds in weight "due to the length that this process took place (1 ½-2 months)," but standing alone this does not qualify as a greater-than-de minimis injury.[5]  Plaintiff does not specify, for instance, why he lost weight (he does not claim that he lacked sufficient sustenance).  Nor does he specify how his weight loss was detrimental to his health.

Plaintiff does not present a prior showing of physical injury or the commission of a sexual act as defined in 18 U.S.C. § 2246.  Thus, he may not recover compensation for mental or

---

[3] *See Kossie v. Crain*, 354 F. App'x 82, 83 (5th Cir. 2009) (finding headaches de minimis); *Amir-Sharif v. Dallas Cty.*, 2006 WL 2860552, at *7 (N.D. Tex. Oct. 5, 2006) ("Sleep deprivation, headaches and weight loss amount to de minimis physical injuries without more."); *Herron v. Patrolman No. 1*, 111 F. App'x 710, 713 (5th Cir. 2004) (holding that a "temporary increase of pain . . . is at most a *de minimis* injury that will not support a claim of mental or emotional suffering.").

[4] *See Alexander v. Tippah Cnty.*, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (opining: "vomiting is an unpleasant experience," but there was no indication that the nausea "was severe enough to warrant medical attention[,]" and the plaintiff did not allege "that his nausea was a symptom of some more serious malady, or had any lasting effects," and "the injury (if any) suffered by [the plaintiff] was de minimis.").

[5] *See Parker v. Carter*, 2013 WL 3157913, at *3 (S.D. Tex. June 20, 2013) (holding that losing 38 pounds because of anxiety was "not sufficient to demonstrate that he suffered a 'physical injury' . . . ."); *Amir-Sharif*, 2006 WL 2860552, at *7 (holding that weight loss without more is only a de minimis physical injury); *Walker v. Jackson*, 2009 WL 1768547, at *10 (S.D. Miss. June 23, 2009).

emotional injuries.  In addition, Plaintiff does not allege that he suffered any other injuries or damages compensable by monetary relief.

Accordingly, the Court should dismiss Plaintiff's request for compensatory relief.  As Plaintiff does not seek any other cognizable relief for his claims, the Court should dismiss them.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Joshua Lamont Sallier's claims be **DISMISSED WITH PREJUDICE** for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 16th day of October, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge

6